Filed 10/28/13  P. v. Guadarrama CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>JUAN GUADARRAMA,<br><br>　　Defendant and Appellant. | D063273<br><br><br>(Super. Ct. Nos. SCN295594, CN312115) |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Juan Guadarrama pled guilty in case number SCN295594 to grand theft from a person (Pen. Code, § 487[1], subdivision (c)), misdemeanor battery (§ 242), and willful disobedience of a court order (§ 166, subd. (a)(4)), and stipulated to 180 days in

_____

[1]    Subsequent unspecified statutory references are to the Penal Code.

custody as a condition of formal probation. At sentencing, appellant was granted probation, given credit for 145 days of presentence credits, and ordered to pay various fines and fees, including victim restitution of $248.

Twelve months after sentencing in case number SCN295594, appellant pled guilty in case number CN312115 to resisting arrest, a misdemeanor, and was sentenced immediately. (§ 148, subd. (a)(1).) Appellant stipulated to 180 days in custody to be served concurrently with probation violations he admitted in case numbers SCN295594 and CN302133.[2] Appellant was sentenced in accordance with the plea bargain.

## FACTUAL BACKGROUND

Case number SCN295594[3] involves two separate incidents, both occurring in August 2011. The battery count arises from an incident at Fry's Electronics. Appellant left the store concealing merchandize he had not paid for and, when confronted by loss prevention officers, ran from them and into an elderly woman, knocking her to the ground.

The other two counts arise from an incident at a Circle K store. In response to appellant harassing store employees, stealing items and physically confronting the store owner, the owner had obtained a temporary restraining order against appellant. The order required him to stay 100 yards from the owner, the owner's vehicle and place of business. Thereafter, the owner saw appellant outside his store. Acting at the request of the owner,

---

2    At the time of sentencing, appellant was also on probation in case number CN302133, but information about that case is not included in this record.

3    The facts are taken from the probation report.

2

the assistant manager walked outside and gave the order to appellant. He read the paperwork and walked away. Appellant later returned to the store, threw the paperwork at the assistant manager, grabbed a bag of chips and left. Police who responded to the scene arrested appellant as he was approaching the front door of the Circle K.

In case number CN312115[4] appellant admitted he willfully and unlawfully delayed a peace officer who appears to have arrested him for being under the influence of a controlled substance.

### DISCUSSION

Appointed appellate counsel has filed a brief setting forth the facts and proceedings below. Counsel presents no argument for reversal, but asks that this court review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436. Pursuant to *Anders v. California* (1967) 386 U.S. 738, counsel has not identified any possible appellate issues, but does note he has specifically reviewed whether appellant was sentenced in accordance with the terms of his plea agreements and entered his pleas freely and voluntarily.

We granted Guadarrama permission to file a brief on his own behalf. He has not responded.

A review of the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436 and *Anders v. California, supra*, 386 U.S. 738, has disclosed no reasonably arguable appellate issue. Competent counsel has represented Guadarrama on this appeal.

---

[4] The facts are taken from the change of plea form.

## DISPOSITION

The judgment is affirmed.


HALLER, J.

WE CONCUR:


BENKE, Acting P. J.


McINTYRE, J.

4